UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANK DWIGHT CARTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MISSOURI BOARD OF PROBATION ) <br> AND PAROLE, et al., ) <br> ) <br> Defendants. ) | Case No. 4:10-CV-1253 RWS |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Frank Carter's Motion for Appointment of Counsel [#11] and Motion to Amend his Complaint [#16]. Defendants have also filed Motions to Dismiss [# 15 and #19]. I will deny Carter's Motion for Appointment of Counsel without prejudice. I will grant in part and deny in part Carter's Motion to Amend his Complaint and will require Carter to file a new and complete amended complaint. Finally, I will take Defendants' Motions to Dismiss under advisement after Carter has filed a new amended complaint, to the extent the alleged deficiencies in Carter's amended complaint remain.

*Background*

Plaintiff Carter alleges his civil rights have been violated by his alleged improper classification as a sex offender. Carter filed the instant action pursuant to 42 U.S.C. § 1983 on July 12, 2010. On July 23, 2010 Carter filed an Amended Complaint [#5] that states only that Carter is seeking monetary damages of Eighty Thousand Dollars ($80,000.00) from each defendant. On September 16, 2010 Carter filed a Motion to Amend his Complaint [#16] to amend his complaint to include his Texas Parole Certificate and allege that he was forced to sign

the certificate without reading it. On October 13, 2010 Carter filed a Memorandum in Opposition to Defendants Birmingham, Bochantin, and Missouri Board of Probation and Parole [#20] which, in addition to responding to Defendants' Motion to Dismiss, indicates Carter is moving the Court to grant leave to amend his complaint to seek Eighty Thousand Dollars ($80,000.00) for each day he is classified a sexual offender and to pursue his claims under the 5th and 13th Amendments to the United States Constitution.

On September 2, 2010 Carter filed a motion to appoint counsel [#11].

*Discussion*

*Motion to Appoint Counsel*

There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, a court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984).

After considering these factors, I believe that the facts and legal issues involved at this point in Carter's case, namely the issue of whether Carter has been improperly classified as a sex offender, are not so complicated that the appointment of counsel is warranted at this time. Therefore, Carter's motion is denied without prejudice.

*Motions to Amend Complaint*

Carter has made multiple attempts to amend his complaint. However, in each attempt, Carter merely includes what he would presumably like to be added to his original complaint, leading me to believe Carter is attempting to amend his complaint by interlineation. Carter has not provided the Court with a single pleading that includes all the claims he wishes to pursue in this action.

While I will allow Carter leave to amend his complaint, Carter must file a new amended complaint that includes all of his claims in one, centralized complaint on a court-provided form. The Court will not search through various supplemental pleadings to piece together Carter's claims. Accordingly, Carter is ordered to file a new and centralized amended pleading.

Because the filing of an amended complaint **completely replaces** the original complaint, claims that are not re-alleged are deemed **abandoned**. See In re Wireless Telephone Federal Cost Recover Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In Carter's amended complaint, he must clearly articulate, for each defendant, the factual circumstances surrounding their alleged wrongful conduct, what federal law each defendant allegedly violated, and the relief sought from each defendant.

Carter shall have thirty days (30) days from the date of this Order to file an amended complaint. After Carter files his amended complaint, I will take Defendants' respective motions to dismiss under consideration to the extent the alleged deficiencies in Carter's amended complaint remain. If Carter fails to file an amended complaint as instructed above, Defendants'

Motions to Dismiss will be considered in light of the last filed amended complaint because, as discussed above, the filing of an amended complaint renders the preceding complaint without legal effect.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's Motion for Appointment of Counsel[#11] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED that** Plaintiff's Motion to Amend Complaint [#16] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall filed an amended complaint, in accordance with the instructions set forth above, no later than **thirty (30) days** from the date of this Order.

**IT IS FINALLY ORDERED that** the Clerk of the Court shall provide to Plaintiff, along with a copy of this Order, a blank complaint form for a complaint filed under 42 U.S.C. § 1983.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of January, 2011.