UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANK DWIGHT CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:10 CV 1253 RWS |
| v. ) | |
| ) | |
| MISSOURI BOARD OF PROBATION ) | |
| AND PAROLE, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

Plaintiff Frank Carter ("Carter") asserts that his rights have been violated by his being improperly classified as a sex offender by the Defendants. Carter names the Missouri Board of Probation and Parole ("Missouri Board"), Missouri Parole Officers Laura Birmingham ("Officer Birmingham") and Matt Bochantin ("Officer Bochantin"), Texas Board of Pardons and Paroles ("Texas Board"), and Rissie Owens of the Texas Board of Pardons and Paroles ("Owens") as Defendants. The Texas Board filed a Motion to Dismiss [#27] and the Missouri Board, Officer Birmingham and Officer Bochantin have filed a Motion to Dismiss [#29]. For the reasons stated below, I will dismiss Plaintiff's case.

*Background*

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Carter asserts that his rights pursuant to the 5th, 13th, 14th, 15th and 18th Amendments of the United States Constitution have been violated. Carter asserts that he was paroled from the State of Texas to the State of Missouri via Interstate Compact. Carter avers that he was denied discharge under the Interstate Compact by the State of Texas because he is subject to lifetime

supervision as a sex offender. Carter asserts that when he included his parole paperwork in conjunction with an application for employment with the U.S. Department of Veterans Affairs, he did not receive a response.

Carter seeks money damages of Eighty Thousand Dollars ($80,000.00) for loss of employment and Twenty-Five Thousand Dollars ($25,000.00) for each day Carter's parole records reflect the sex offender designation. Carter also seeks injunctive relief to prevent his being classified as a sex offender in his parole files, a copy of his parole files, and a declaratory judgment that the State of Missouri may discharge Carter under the Interstate Compact Act.

*Legal Standard*

The purpose of a Federal Rule of Civil Procedure 12(b)(1) motion is to allow the court to address the threshold question of jurisdiction, as "judicial economy demands that the issue be decided at the outset rather than deferring it until trial." Osborn v. United States, 918 F.2d 724, 729 (8th Cir.1990). Rule 12(b)(1) requires me to dismiss a claim if I lack subject matter jurisdiction over the claim.

When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations omitted). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to

raise a right to relief above the speculative level." Id. at 555.  Despite this standard, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

*Subject Matter Jurisdiction and Eleventh Amendment Immunity*

The Texas Board and Missouri Board both filed motions to dismiss arguing I do not have subject matter jurisdiction to hear Carter's claims against them because, as state agencies, they are protected by Eleventh Amendment immunity.

The Eleventh Amendment bars private parties from bringing actions for damages against unconsenting states and arms of the state in federal court. Thomas v. St. Louis Board of Police Commissioners, 447 F.3d 1082, 1084 (8th Cir. 2006). "While under the doctrine set forth in Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment, the same doctrine does not extend to states or state agencies." Monroe v. Arkansas State University, 495 F.3d 591 (8th Cir. 2007).  Because both the Texas Board and the Missouri Board are state agencies, Carter may not pursue monetary damages or injunctive relief from these Defendants.  As a result, Carter's claim for monetary damages and injunctive relief as to the Texas Board of Pardons and Parole and the Missouri Board of Probation and Parole are dismissed.

Carter asserts claims for monetary damages and injunctive relief against Officers Birmingham and Bochantin in their official and individual capacities.  Officers Birmingham and Bochantin argue they are entitled to Eleventh Amendment immunity for the claims Carter asserts

against them in their official capacity.

The Eleventh Amendment bars damages claims against state officials acting in their official capacities. Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997); see also Tyus v Cranor, 2007 WL 2409852 (C.A.8 (Ark.) (affirming judgment dismissing 42. U.S.C. § 1983 complaint for money damages against state parole and probation officer on basis that when public official is sued in their official capacity the Eleventh Amendment bars monetary recovery). However, "[a] state agent...may be sued in his official capacity if the plaintiff merely seeks injunctive or prospective relief." Nix v. Norman, 879 F.2d 429, 432 (8th Cir. 1989); see also Larson v. Kempker, 414 F.3d 936 (8th Cir. 2005) (holding that the Eleventh Amendment does not bar courts from ordering injunctions to prevent or remedy a state officer's conduct). As a result, Carter's claim for monetary damages is dismissed as to Birmingham and Bochantin to the extent they are brought against them in their official capacities. Though Carter's claim for injunctive relief from Birmingham and Bochantin in their official capacities will not be dismissed pursuant to the Eleventh Amendment, as discussed below, it will be dismissed for failure to state a claim upon which relief may be granted under Rule 12(b)(6).

***Failure to State a Claim Under Rule 12(b)(6)***

All of Carter's claim hinge upon his allegation that he has been improperly classified as a sex offender. Along with his Amended Complaint, Carter included a Travel Permit from the Missouri Department of Corrections Board of Probation and Parole [No. 25 at 6] and Certificate of Parole issued by the State of Texas [No. 25 at 7]. These documents refute his allegation that he has been classified as a sex offender. While box checked on the Travel Permit is titled "Sex Offender/Dangerous Felon," the explanation portion of the form describes Carter's offense as

aggravated robbery with a deadly weapon.

The Texas Board asserts in its motion that the Certificate of Parole also refutes Carter's allegation that he is classified as a sex offender because it does not include the special conditions that would be imposed on a sex offender. A parolee that has sex offender conditions imposed upon their parole are noted to have "Special Condition X" on their Certificate of Parole. Ex Parte Campbell, 267 S.W.3d 916, 919 (Tex. Crim. App. 2008). There is no such designation on Carter's Certificate. Carter does not refute this assertion in his Response brief. Each of Carter's claims in his Amended Complaint rely upon his improperly being classified a sex offender and the documents Carter filed with his Amended Complaint refute that he has been classified as such. As a result, I find that Carter has failed to state a claim upon which relief may be granted and his remaining claims will be dismissed.

Finally, it is unclear whether Carter intended for Chairwoman of the Texas Board of Paroles and Pardons, Rissi Owens, to be a Defendant separate from the Defendant Texas Board. The Amended Complaint does not assert any claims against Owens specifically and the summons issued and returned executed was directed to Rissi Owens, Board of Probation and Parole. Counsel has entered an appearance on behalf of the Texas Board. Even if Owens was sued separately, she is sued in her official capacity only because the Amended Complaint does not indicate she is sued in her individual capacity. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). I would fail to have subject matter jurisdiction over any claims against Owens for monetary damages under her Eleventh Amendment immunity as a state official and Carter fails to state a claim for injunctive relief against Owens under Rule 12(b)(6). Accordingly,

**IT IS HEREBY ORDERED that** Defendants' Motions to Dismiss [#27 and #29] are **GRANTED** and Plaintiff Carter's is **DISMISSED** without prejudice. A separate order of dismissal will be entered on this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of May, 2011.